## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HOLDSWORTH v. CROWDER & BROTHER.

January 12, 1911.

Absent, Cardwell, J.

1. APPEAL AND ERROR—*Validity of City Ordinance—Case at Bar.*— Where the trial court, at the instance of the plaintiff in error, instructed the jury that a city ordinance, under which he sought to justify his action, was valid and constitutional, and no exception was taken to that instruction, all question as to the validity of the ordinance was eliminated from the case, and he was left with its full protection as a defense. To a judgment rendered in such case, no writ of error lies on the ground that the constitutionality of the ordinance is drawn in question.

Error to a judgment of the Law and Equity Court of the city of Richmond, on appeal from the court of the civil justice. Judgment for the plaintiffs. Defendant assigns error.

*Dismissed.*

The opinion states the case.

*H. R. Pollard* and *George Wayne Anderson*, for the plaintiff in error.

*J. Kent Rawley*, for the defendants in error.

HARRISON J., delivered the opinion of the court.

This suit was brought in the Court of the Civil Justice for the city of Richmond by the defendants in error, to recover of the plaintiff in error the value of three barrels of

chickens and one barrel of turkeys, alleged to have been im-properly inspected and condemned by the plaintiff in error in his capacity of chief food inspector of the health depart-ment of the city of Richmond.

The civil justice gave judgment for the defendants in error, and thereupon an appeal was taken to the Law and Equity Court of the city of Richmond, where there was a verdict and judgment in favor of the defendants in error for the sum of $85.10. To this judgment the present writ of error was awarded.

We are of opinion that the matter involved in this appeal is merely pecuniary, and being less than $300, this court is without jurisdiction.

The plaintiff in error insists that it draws in question the constitutionality of the city ordinance under which he sought to justify his action. The constitutionality of this ordinance is not questioned. On the contrary, the court below, at the instance of the plaintiff in error, instructed the jury that the ordinance was valid and constitutional, and no exception was taken to that instruction. This eliminated all question of the validity of the ordinance from the case, and left the plaintiff in error with its full protection as a defense.

There is, therefore, no matter involved or drawn in ques-tion in the case that is not merely pecuniary, and the dam-ages recovered being only $85.10, this court is without juris-diction, and the writ of error must be dismissed as improvi-dently awarded.

*Dismissed.*